FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL HANSON,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY OF SPOKANE; SPOKANE POLICE DEPARTMENT; LAURIE FARNSWORTH, Spokane Deputy City Clerk; ANTHONY DINARO, Public Records Coordinator; JOHN DOE, unknown SPD Officer,<br><br>               Defendants. | NO:  2:19-CV-31-RMP<br><br>ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY |

BEFORE THE COURT is Plaintiff Michael Hanson's complaint, ECF No. 1. Mr. Hanson is proceeding *pro se* and *in forma pauperis*.  Magistrate Judge John T. Rodgers reviewed Mr. Hanson's application to proceed *in forma pauperis* and granted Mr. Hanson that status.  ECF No. 5.  This Court is performing the second part of the screening process under 28 U.S.C. § 1915 to determine whether Mr. Hanson's lawsuit should be allowed to proceed to service of the complaint upon Defendants.  The Court has reviewed the complaint and is fully informed.

ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY ~ 1

## BACKGROUND

The following are facts as alleged in Mr. Hanson's complaint, ECF No. 1. In April and May of 2018, Mr. Hanson alleges that he made two separate public records requests to the City of Spokane. *Id.* at 11–12. Mr. Hanson's first request concerned copies of annual reports provided to the City by Spokane's Community Oriented Policing Services organization ("C.O.P.S.") and its federal employer identification number. *Id.* at 11. In response, Mr. Hanson alleges that Defendant Anthony Dinaro, the public records coordinator for Spokane, sent Mr. Hanson an email indicating that he had uploaded an annual report related to C.O.P.S. in Mr. Hanson's public portal account, where public records requests are managed. *Id.* at 12. Mr. Hanson states that he was dissatisfied with this response because he wanted C.O.P.S.'s 2016 IRS Form 990. *Id.*

Mr. Hanson's second request concerned any records of Mr. Hanson's personal information being researched by any officer at the Spokane Police Department or the Spokane Sheriff's Office within the last thirty days, along with the searching officer's name and badge number. ECF No. 1 at 12. In response to this request, Mr. Hanson claims that Defendant Laurie Farnsworth, the Spokane Deputy City Clerk, emailed Mr. Hanson, stating that his request did not provide sufficient information that could lead to identifiable public records. *Id.* Mr. Hanson alleges that she asked Mr. Hanson to what officers he might be referring. *Id.* Mr. Hanson claims that he responded by saying he is asking about any officer using the police department

computer systems to look up his personal information. *Id.* at 13. Mr. Hanson alleges that he received no further response to his second public records request and that Ms. Farnsworth emailed him in June telling him that the second public records request was closed. *Id.* at 14.

Thereafter, Mr. Hanson brought this suit against the City of Spokane, the Spokane Police Department, Ms. Farnsworth, Mr. Dianro, and an unknown police officer. ECF No. 1 at 3. He claims that all Defendants violated the Washington Public Records Act, the First Amendment, the Fifth Amendment, and the Fourteenth Amendment by failing to fulfill his public records requests. *Id.* at 3–11.

## SCREENING REQUIREMENT AND LEGAL STANDARD

A district court must screen complaints brought by litigants proceeding *in forma pauperis* and shall dismiss the proceeding at any time if the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

The Court reviews Plaintiff's complaint to determine if it gives enough notice and detail to allow the defendants to "reasonably prepare a response." *See, e.g.*, *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are stated, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> (a) **Claim for Relief**. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(emphasis in original).

Generally, a complaint must be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)).

A *pro se* plaintiff's complaint is to be construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, a *pro se* plaintiff's complaint nevertheless must contain factual assertions sufficient to infer that, if the plaintiff's allegations are accepted as true, the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

/ / /

/ / /

**DISCUSSION**

***First Amendment Claim***

Mr. Hanson claims that all Defendants violated his First Amendment right to receive information when they did not provide Mr. Hanson any documents in response to his public records requests. ECF No. 1 at 5–11.

The First Amendment protects a citizen's right to free speech and to petition the government for a redress of one's grievances, among other things. U.S. Const. amend. I. But the First Amendment does not allow unlimited access to government documents. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Further, "the First amendment does not impose any affirmative obligation on the government to listen [or] to respond" to all government inquiries. *Smith v. Ark. State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979); *see also German v. Eudaly*, No. 3:17-CV-2028-MO, 2018 WL 3212020, at *7 (D. Or. June 29, 2018) ("Just as the First Amendment does not require the government to listen, so it does not require a certain response from the government."). "Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) (plurality opinion).

Mr. Hanson alleges that all Defendants violated his First Amendment right to receive information by failing to adequately respond to his public records request. ECF No. 1 at 5–11. The First Amendment provides Mr. Hanson no relief for this

harm.  *See Smith*, 441 U.S. at 465.  While it is possible that Defendants violated Washington's Public Records Act, such a violation is not redressable with the First Amendment.  Further, while a First Amendment right to receive information does exist in prisons[1] and schools,[2] that right has not been applied to public records requests.

The Court finds that Mr. Hanson's First Amendment claims against all Defendants are not legally sufficient.

### Due Process

Mr. Hanson claims that Defendants violated his due process rights when they denied his public records requests.  ECF No. 1 at 6–11.

The Fourteenth Amendment protects individuals against the deprivation of liberty or property without due process of law.  U.S. Const. amend. XIV.  The essence of due process is "the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted).  A plaintiff alleging a due process violation must prove three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process."  *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

---

[1] *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001)

[2] *Bd. Of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico*, 457 U.S. 853, 866–67 (1982).

A protected property interest exists if there is a "legitimate claim of entitlement" to a specific benefit. *Bd. Of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). State statutes may create a protected property right if that statute imposes procedures intended to restrict government action. *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984). "An expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Ass'n of Orange Cty. Deputy Sheriffs v. Gates*, 716 F.2d 733, 734 (9th Cir. 1983).

Several courts in this circuit have found that public records laws do not create a property interest, notwithstanding the mandatory language used by those statutes. *Dudgeon v. Richards*, 442 F. App'x 267 (9th Cir. 2011) (Washington's Public Records Act does not create a property interest); *Garcia v. Perrault*, No. 2:15-CV-00419-PK, 2018 WL 6817050, at *4–5 (D. Or. Sept. 26, 2018) (Oregon's Public Records Act does not create a property interest), *adopted by* 2018 WL 6816993; *Miramontea v. Zellerbach*, No. EDCV 13-0027-JFW (RNB), 2014 WL 793143, at *7 (C.D. Cal. Feb. 26, 2014) (California's Public Records Act does not create a property interest).

Here, Mr. Hanson's complaint fails to state a due process claim because Washington's Public Records Act does not create an entitlement to some kind of benefit. It is true that the Act is phrased with mandatory language. *See* Wash. Rev. Code § 42.56.070(1) ("Each agency, in accordance with published rules, shall make

ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY ~ 7

available for public inspection and copying all public records . . . .").  However, the Act also contains several exemptions related to personal information, information on religious affiliation, and educational information, among many others.  *See* Wash. Rev. Code. § 42.56.  Considering the numerous exemptions to public records requests in Washington, the Court finds, as other courts previously have, that the Washington Public Records Act does not create a constitutionally-protected property interest.

Even if the Washington Public Records Act does create a property interest, Mr. Hanson's complaint still fails to state a due process claim because the complaint does not allege a lack of process.  To consider what process is due in a particular case, a court should consider the private interest affected, the risk of erroneous deprivation of the interest, the possible value of additional procedural safeguards, and the possible burden of additional safeguards on the government.  *Mathews*, 424 U.S. at 335.  Under the Public Records Act, if a person is denied access to public documents, that person may petition the superior court in the county in which the record is maintained for judicial review of the denial.  Wash. Rev. Code. § 42.56.550.  Mr. Hanson is currently following the process described by the Public Records Act, and therefore cannot say that he is being denied the process to which he is due.  *See German*, 2018 WL 3212020, at *9 (holding that process was not lacking when a person was denied a public records request and thereafter sued for a due process violation).

Therefore, Mr. Hanson's due process claim is legally insufficient.

**Equal Protection**

Mr. Hanson also claims that all Defendants violated his right to equal protection guaranteed by the Fourteenth Amendment by denying his public records requests. ECF No. 1 at 6–11.

To succeed on a section 1983 claim for equal protection, a plaintiff must show that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Absent proof of membership in a protected class, a plaintiff can succeed by showing that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). But this "class of one" equal protection theory does not apply in cases which "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603 (2008).

Mr. Hanson's complaint does not allege how he was treated differently from other people making public records request. ECF No. 1. Further, he fails to explain how he was treated differently due to some sort of class or membership in which he belongs. Last, even if the class of one theory applied to public records decisions by municipalities, Mr. Hanson fails to allege how he was treated differently from other

people making public records requests. The bare assertion that Defendants violated Mr. Hanson's equal protection rights because they fulfill the records requests of others cannot alone create a legally sufficient equal protection claim.

The Court finds that Mr. Hanson's equal protection claim is legally insufficient.

### State Law Claims

With Mr. Hanson's claims being legally insufficient to state a claim for relief, Mr. Hanson's only remaining claims are state law claims under the Washington Public Records Act. ECF No. 1 at 4–6. This Court had supplemental jurisdiction over these claims, pendant to Mr. Hanson's claims under section 1983. 28 U.S.C. § 1367(a). However, if "the district court has dismissed all claims over which it has original jurisdiction," the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Un. Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

With Mr. Hanson's federal claims dismissed for legal insufficiency, the Court declines to extend supplemental jurisdiction over Mr. Hanson's claims under the Washington Public Records Act. The Court dismisses Mr. Hanson's state law

claims without prejudice for lack of jurisdiction. Mr. Hanson has available to him the state courts in which to pursue his state law claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED** without prejudice for legal insufficiency. 28 U.S.C. § 1915(e)(2).

2. The Court certifies that any appeal of this order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide a copy to Mr. Hanson, and **close this case**.

**DATED** February 11, 2019.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge