FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 23, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL HANSON,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF SPOKANE; SPOKANE POLICE DEPARTMENT; LAURIE FARNSWORTH, Spokane Deputy City Clerk; ANTHONY DINARO, Public Records Coordinator; JOHN DOE, unknown SPD Officer,<br><br>        Defendants. | NO: 2:19-CV-31-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER |

BEFORE THE COURT is *pro se* Plaintiff Michael Hanson's Motion to Reconsider, ECF No. 7.  Mr. Hanson objects to this Court's order dismissing his complaint under 28 U.S.C. § 1915 for legal insufficiency.  ECF No. 6.  The Court has reviewed Mr. Hanson's motion and is fully informed.

**BACKGROUND**

Mr. Hanson filed his complaint against Defendants on January 22, 2019, alleging that Defendants violated his First, Fifth, and Fourteenth Amendment rights,

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 1

as well as the Washington Public Records Act, by denying his public records requests in 2018. ECF No. 1. He also applied for *in forma pauperis* status, which Magistrate Judge John T. Rodgers granted on January 31, 2019. ECF Nos. 2, 4, 5. Once Mr. Hanson obtained *in forma pauperis* status, the Court screened Mr. Hanson's complaint for legal sufficiency pursuant to 28 U.S.C. § 1915(e)(2) as the Court is required to do for *in forma pauperis* complaints. ECF No. 6.

The Court found Mr. Hanson's complaint legally insufficient and dismissed the complaint without prejudice, which does not prohibit Mr. Hanson from pursuing his claims by alleging facts that state a claim on which relief can be granted and which establish federal court jurisdiction, or alternatively pursuing his claims in state court. ECF No. 6. The Court found that Mr. Hanson's rights to receive information, due process, and equal protection were not violated when his public records requests were denied. *Id.* at 6–10. With no remaining federal claims, the Court dismissed Mr. Hanson's Washington Public Records Act claims for lack of jurisdiction because a federal court does not have jurisdiction to consider only state law claims. *Id.* at 10–11.

Mr. Hanson then filed the present Motion to Reconsider. ECF No. 7. He objects to the Court dismissing his claims *sua sponte*. ECF No. 7 at 5. He argues that his First Amendment and Fourteenth Amendment claims were wrongfully dismissed. *Id.* at 2–5. He also claims that the Court wrongfully dismissed his due process claim under the Fifth Amendment because the Court decided it on the

grounds of procedural due process rather than substantive due process. *Id.* He argues that "it is an unreasonable exercise of discretion for this Court to dismiss claims regarding the protections of the First Amendment." *Id.* at 5. Last, he objects to the Court's determination that any appeal from the Court's dismissal order would not be taken in good faith. *Id.* at 6.

## LEGAL STANDARD

A motion for reconsideration under Fed. R. Civ. P. Rule 59(e)[1] should not be granted, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or . . . there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A litigant may not use a motion for reconsideration "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In addition, "[a] motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely

---

[1] If a motion for reconsideration is filed within 10 days of the entry of judgment, the motion is construed as a motion to alter or amend judgment under Rule 59(e); otherwise, it is construed as a motion for relief from a judgment or order under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Considering Mr. Hanson postmarked this motion within 10 days of the entry of judgment, and Mr. Hanson is a *pro se* plaintiff, the Court excuses the fact that the motion was not docketed until 11 days after the entry of the dismissal order and construes Mr. Hanson's motion as a motion under Rule 59(e). ECF No. 7-2.

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 3

because a party disagrees with the Court's decision." *Collegesource, Inc. v. Academyone, Inc.*, No. 08CV1987-GPC(MDD), 2015 WL 8482753, at *1 (S.D. Cal. Dec. 8, 2015).

"Granting a motion for reconsideration is a matter of judicial discretion and is considered to be an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *United States v. Bamdad*, No. CR 08-506-GW, 2017 WL 4064210, at *5 n.11 (C.D. Cal. May 3, 2017) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).

## DISCUSSION

Mr. Hanson's first argument is that the Court wrongfully dismissed his First and Fourteenth Amendment claims. ECF No. 7 at 2–5. Mr. Hanson claims that the Court misinterpreted his complaint and the case law on the issues. *Id.* The Court finds that it did not commit clear error in finding Mr. Hanson's claims legally insufficient. There is no First Amendment right to guaranteed access to public records that are not judicial or court records. *German v. Eudaly*, No. 3:17-CV-2028-MO, 2018 WL 3212020, at *7 (D. Or. June 29, 2018) (collecting cases). Further, Mr. Hanson failed to allege that he was denied his public records requests because of his belonging to a certain protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 4

upon membership in a protected class."). The Court rejects Mr. Hanson's first argument for reconsideration.

Second, Mr. Hanson argues that the Court erred by analyzing Mr. Hanson's due process claim as a procedural due process claim rather than a substantive due process claim. ECF No. 7 at 4. Mr. Hanson made no mention of substantive due process in his complaint, and even a liberal construction of Mr. Hanson's complaint does not show a substantive due process claim against Defendants. ECF No. 1. Nevertheless, a substantive due process claim is also legally insufficient in this case. Substantive due process only protects liberty interests that society traditionally has protected as fundamental. *Francheschi v. Yee*, 887 F.3d 927, 937 (9th Cir. 2018). Interests considered fundamental have been narrowly defined and limited, including only "marriage, procreation, contraception, family relationships, child rearing, education and a person's bodily integrity, which are 'deeply rooted in this Nation's history and tradition.'" *Id.* (quoting *Moore v. East Cleveland*, 431 U.S. 494, 503 (1977)). In the same way that Mr. Hanson's complaint failed to allege the deprivation of a protected property interest, it fails to allege the deprivation of a fundamental liberty interest sufficient to state a substantive due process claim. ECF No. 1. Therefore, the Court rejects Mr. Hanson's second argument for reconsideration.

Mr. Hanson's third argument for reconsideration is that the Court wrongly dismissed his complaint *sua sponte* as a matter of discretion. ECF No. 7 at 5.

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 5

Because Mr. Hanson is proceeding *pro se* and *in forma pauperis*, the Court was required to screen Mr. Hanson's complaint for legal sufficiency before ordering service on Defendants. 28 U.S.C. § 1915(e)(2) (holding that, after a plaintiff is granted *in forma pauperis* status, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Blocker v. Universal Music Pub. Grp.*, No. 3:14-CV-01650-SB, 2015 WL 1526487, at *1 (D. Or. Apr. 3, 2015) ("A district court must perform a preliminary screening of an *in forma pauperis* complaint and dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or malicious, or seek monetary relief against a defendant who is immune from such relief."). After finding Mr. Hanson's federal claims legally insufficient, the Court then dismissed Mr. Hanson's state law claims because the Court lacked original jurisdiction over them. ECF No. 6 at 10; *Un. Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The Court was acting in accordance with the requirements of 28 U.S.C. §§ 1915(e)(2), 1331, 1332, 1367 and case law when it dismissed Mr. Hanson's complaint without prejudice. The Court rejects Mr. Hanson's third argument for reconsideration.

Last, Mr. Hanson argues that it was improper for this Court to determine that any appeal from its legal sufficiency order would not be made in good faith. ECF No. 7 at 6. Mr. Hanson points to no clear error by the Court in making this finding. When the district court makes decisions concerning *in forma pauperis* cases, the district court must determine whether the *pro se* plaintiff may appeal the order. 28 U.S.C. § 1915(a)(3). An appeal *pro se* and *in forma pauperis* should not be permitted when the appeal would be frivolous or futile. *See Miranda v. Brainin*, Civil No. 10-1816 H(PCL), 2011 WL 866987, at *1 (S.D. Cal. Mar. 10, 2011). The appeal certification proceeding is a requirement for the Court to make for plaintiffs proceeding *in forma pauperis* . 28 U.S.C. § 1915(a)(3). The Court rejects Mr. Hanson's final argument for reconsideration.

If a complaint fails to state a claim upon which relief may be granted, a district court should dismiss that complaint with leave to amend, unless amendment would be futile. *See Carrico v. City and Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). If no facts consistent with the pleading could cure the deficiencies of the complaint, a district court can deny leave to amend and dismiss the claims with prejudice. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 659 (9th Cir.

1992) (holding district court did not abuse discretion in denying leave to amend when no facts consistent with the complaint could save plaintiff's claims).

The Court dismissed Mr. Hanson's claims without prejudice, meaning that Mr. Hanson may refile his claims in federal court with sufficient factual allegations to establish federal court jurisdiction as well as establishing claims upon which relief could be granted by this Court, thereby allowing him to proceed past the legal screening portion of the *in forma pauperis* process. Alternatively, Mr. Hanson also may file his claims in state court which do not have the same jurisdictional restrictions as federal courts. At this juncture, the Court has found that there is an insufficient basis for concluding that Mr. Hanson's claims rise to a constitutional level that would establish federal jurisdiction. However, Mr. Hanson's claims do appear to center on potential state law claims regarding the Washington Public Records Act.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Reconsider, **ECF No. 7**, is **DENIED**.

2. The Court certifies that any appeal of this order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide a copy to Mr. Hanson.

**DATED** April 23, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge